**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

In re:

EMILIO MARTINEZ, JR.,

    Debtor.

Case No. 20-10250-BFK
Chapter 13

### MEMORANDUM OPINION AND ORDER GRANTING DEBTOR'S MOTION TO REOPEN CASE

This matter is before the Court on the Debtor's Motion to Reopen his Chapter 13 bankruptcy case to schedule previously undisclosed employment-related causes of action against his former employer, NVR, Inc. ("NVR"). Docket No. 144. NVR filed an Opposition to the Motion. Docket No. 149. The Chapter 13 Trustee filed a Response to the Motion. Docket No. 146. The Court heard the parties' arguments on August 21, 2025. For the reasons stated below, the Court will grant the Debtor's Motion to Reopen.

#### FINDINGS OF FACT

The Court finds that the following facts are not genuinely in dispute.

*A. Mr. Martinez Files for Bankruptcy.*

1.    Emilio Martinez, Jr. ("the Debtor," or "Mr. Martinez"), filed a Voluntary Petition under Chapter 13 with this Court on January 27, 2020. Docket No. 1.

2.    The Debtor was employed with NVR as a sales representative at the time he filed his Petition. Docket No. 1, p. 30 (Schedule I).

3.    On July 27, 2020, the Court entered an Order Confirming the Debtor's Chapter 13 Plan. Docket No. 24.

4. The confirmed Plan required the Debtor to pay $1,700.00 per month for 60 months, for a distribution to the unsecured creditors of 4% of their claims. Docket No. 2, ¶¶ 2, 5(A).

5. The Plan was predicated on Mr. Martinez's continued employment with NVR. *Id*. at p. 7. The Court entered a Wage Order for NVR to pay the Trustee the monthly plan payments. Docket No. 25.

6. On June 22, 2021, the Trustee filed a Motion to Modify the confirmed Plan, alleging that the Debtor's plan payments should be increased by $300.00, the monthly amount the Debtor was saving as a result of a court-approved mortgage loan modification. Docket No. 53.

7. The Debtor opposed the Trustee's Motion. Docket No. 55.

8. The Bankruptcy Court granted the Trustee's Motion to Modify and ordered that the Debtor's Plan payments be increased to $2,000.00 per month. Docket No. 62.

9. The Debtor appealed the Order granting the Trustee's Motion to Modify the confirmed Plan. Docket No. 69.

10. The District Court reversed the Bankruptcy Court's decision, holding that the amount of $300.00 was not substantial enough to warrant a plan modification under the circumstances of the case. *Martinez v. Gorman,* 607 F.Supp.3d 680 (E.D. Va. 2022).

B. *Mr. Martinez's Employment is Terminated.*

11. In January 2022, NVR terminated Mr. Martinez's employment.

12. On January 25, 2022, the Debtor filed a Motion to Suspend Plan Payments, stating that he had lost his job, but that he was searching for new employment. Docket No. 78.

13. The Trustee responded with a Motion to Dismiss the case. Docket No. 80.

14. Mr. Martinez withdrew his Motion to Suspend Plan Payments, and the Trustee withdrew his Motion to Dismiss. Docket Nos. 83, 84.

2

15. In September 2022, Mr. Martinez filed a Motion to Modify his confirmed Plan, and a proposed Amended Plan. Docket Nos. 101, 104.

16. In his Motion to Modify, Mr. Martinez represented that his employment with NVR had been terminated, and that his new employment paid "a fraction of what it was when this case was confirmed," approximately "a third of what it used to be." Docket No. 104, p. 1.

17. The Debtor's proposed Amended Plan called for the reduction of the Debtor's Plan payments "from $2,000.00 per month to $300.00 per month," for a distribution to the creditors of 3% of their claims. Docket No. 101, ¶ 2, 5(A).[1]

18. On November 1, 2022, the Court entered an Order (A) Overruling Objection to Confirmation of Chapter 13 Plan; (B) Requiring Additional Notice of Confirmation; and (C) Ordering Debtor to Produce Pay Stubs to the Trustee on a Quarterly Basis. Docket No. 115.

19. The Court entered an Order confirming the Debtor's Modified Chapter 13 Plan on March 21, 2023. Docket No. 127. The Order required the Debtor to pay the Trustee $300.00 per month for the remaining twenty-nine months of the Plan. *Id.*, ¶ 3.

20. The Debtor completed his Plan payments and received a discharge, and the case was closed on April 29, 2025. Docket Nos. 139, 140, 142, 143.

C. *The Debtor's Claims Against NVR.*

21. On October 26, 2022, while the Debtor's bankruptcy case was pending, and while he was seeking a reduction in his Plan payments, the Debtor filed a Charge of Discrimination with the EEOC against NVR. Docket No. 149, Ex. A.

22. On July 6, 2023, the Debtor filed a Complaint against NVR in the Circuit Court of Fairfax County, alleging: (a) Discrimination Under the Virginia Human Rights Act (Count I); (b)

---

[1] The Debtor's reference to $2,000.00 per month in his Amended Plan refers to the increase in monthly payments of $300.00 that had already been reversed by the District Court.

3

Breach of Contract (Count II); and (c) Unjust Enrichment (Count III). *Id.* at Ex. B. The Debtor sought $750,000.00 in damages, plus $350,000.00 in punitive damages, attorney's fees, and costs. *Id*.

23. NVR filed a Counterclaim against the Debtor. *Id.* at Ex. C. In its Counterclaim, NVR alleged that the Debtor was overpaid under his employment agreement, in the amount of $29, 292.00. *Id.* NVR asserted claims for: (a) Breach of Contract (Count I); and (b) Unjust Enrichment (Count II*). Id.*

24. On May 29, 2025, Mr. Martinez sat for a deposition in the Fairfax action. In his deposition, he disclosed that he "ended up filing for bankruptcy." Docket No. 149, Ex. H (Tr. p. 115).

25. On July 24, 2025, NVR's counsel wrote to Mr. Martinez's counsel, demanding that Mr. Martinez dismiss his lawsuit because it was never disclosed in connection with Mr. Martinez's bankruptcy case. *Id.* at Ex. I.

26. Throughout the course of the case, from October 26, 2022, when the Debtor filed his Charge of Discrimination against NVR, to the closing of the case on April 29, 2025, Mr. Martinez never amended his Schedules to disclose his claims against NVR.

D. *The Motion to Reopen.*

27. On July 24, 2025—the same day as NVR's written demand that Mr. Martinez drop his claims—the Debtor filed a Motion to Reopen his bankruptcy case. Docket No. 144.[2]

---

[2] The Motion states: "On or about January of 2024, the Debtor filed a lawsuit against his former employer NVR, Inc., with the Fairfax County Circuit Court (attached) alleging that he was improperly terminated and discriminated against and seeking compensation of over $1,000,000.00." *Id.* at ¶ 3. This is incorrect. Mr. Martinez filed his lawsuit on July 6, 2023. Docket No. 149, Ex. B. The Debtor filed an Amended Complaint against NVR on January 26, 2024. Docket No. 144, Ex. A.

4

28. The Chapter 13 Trustee filed a Response arguing: (a) the claims against NVR were never disclosed; and (b) "any monies recovered thereunder would be property of the bankruptcy estate and subject to administration for the benefit of the Debtor's creditors." Docket No. 146.

29. NVR filed an Opposition to the Debtor's Motion. Docket No. 149. NVR argues that the Court "should not countenance Debtor's deception and reward him for only begrudgingly disclosing claims that the Debtor contends are worth hundreds of thousands of dollars." *Id.* at p. 1.

30. The Debtor did not appear at the hearing on the Motion to Reopen, and did not testify. The Court, therefore, is unable to make any finding of good faith on the part of the Debtor.

### CONCLUSIONS OF LAW

The Court has jurisdiction over this matter pursuant to 28 U.S.C .1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the bankruptcy estate).

**I. Motions to Reopen.**

Bankruptcy Code Section 350(b) provides that a closed case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). A decision whether to reopen a bankruptcy case is committed to the bankruptcy court's discretion. *Hawkins v. Landmark Fin. Co.*, 727 F.2d 324, 326 (4th Cir. 1984). Courts generally should avoid ruling on the underlying merits of a dispute in connection with a motion to reopen. *In re Conner*, No. 12-72146, 2014 WL 879639, at *1 (Bankr. W.D. Va. Mar. 5, 2014); *In re Jones*, 367 B.R. 564, 567 (Bankr. E.D. Va. 2007).

The reopening of a case does not afford the parties any substantive relief; rather, reopening provides an opportunity for further relief. *Horizon Aviation of Va., Inc. v. Alexander (In re*

5

*Alexander),* 296 B.R. 380, 382 (E.D. Va. 2003); *In re Clary*, 440 B.R. 122, 123 (Bankr. E.D. Va. 2010) quoting *Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir. 1962).

    **II.**    **NVR's Standing.**

The Debtor argues that NVR does not have standing to oppose his Motion to Reopen (though he acknowledges that the Chapter 13 Trustee has standing). This Court has held that parties to non-bankruptcy litigation who are not creditors do not have standing to oppose a motion to reopen. *In re Barnes*, 20-11510, Docket No. 20, at 4–6; *In re Sisson*, 06-10676, Docket No. 511 (Order on Standing). *See also In re Alexandria Surveys International, LLC*, 500 B.R. 817 (E.D. Va. 2013), aff'd *Alexandria Consulting Group, LLC v. Alexandria Surveys International,* LLC, No. 13–2393 2014 WL 7388325 (4th Cir. Dec. 30, 2014) (party interested in purchasing assets from the bankruptcy estate lacked standing to oppose a motion to reopen).

In this case, NVR argues that it is a creditor by virtue of its Counterclaim. Section 1305(a) of the Code allows post-petition claims for: (1) taxes that become payable while the case is pending, and (2) for consumer debts that arise after the petition that and that are for property or services necessary for the debtor's performance under the Plan. 11 U.S.C. § 1305(a). While the Debtor's income from NVR supported his Plan payments, NVR's Counterclaim for breach of contract and unjust enrichment appears to be more in the nature of a commercial relationship than a consumer debt.[3]

Assuming that NVR does not have standing, the Chapter 13 Trustee has standing to oppose the Debtor's Motion to Reopen and has done so. Moreover, the Court is *granting* the relief sought by the Debtor in reopening the case and is overruling NVR's objections to the Debtor's Motion.

---

[3] The two worksheets attached to NVR's Counterclaim indicate that all of the commissions it seeks to recoup were paid in 2021. Docket No. 149, Ex. C pp. 26-29.

NVR's lack of standing, therefore, has little or no practical consequence in the procedural posture of this case.

### III.    The Debtor's Motion to Reopen.

The Court turns to the substance of the Debtor's Motion.

*A. Whether the Debtor is Required to Disclose Post-Petition Causes of Action.*

The Debtor argues that his claims against NVR are post-petition claims, and need not be disclosed under the Bankruptcy Code and Rules. In doing so, the Debtor requests this Court to reconsider its Opinion in *In re Ilyev*, 2022 WL 2965029 (Bankr. E. D. Va. 2022), and to adopt Judge Waites' Opinion in *In re Boyd*, 618 B.R. 133 (Bankr. D. S.C. 2020).[4]

In *Ilyev*, this Court held that the Debtor's continuing duty of cooperation with the Trustee under Bankruptcy Code Section 521(a)(3) and Bankruptcy Rule 4002(a)(4) required the disclosure of post-petition causes of action. The *Ilyev* case involved a debtor who received a Covid forbearance on his mortgage for eighteen months, but did not disclose the savings of $1,625.00 per month (almost $30,000.00 in total by the time the matter came before the Court for a hearing). The Court held that "[t]he duty of cooperation under Section 521(a)(3) and Rule 4002(a)(4) includes a duty of disclosure for substantial and unanticipated changes in the Debtor's financial condition." *See Murphy v. O'Donnell (In re Murphy),* 474 F.3d 143, 148 (4th Cir. 2007) (setting forth the "substantial and unanticipated" standard for Plan modifications under Code Section 1329).

---

[4] The Debtor's legal position that post-petition causes of action need not be disclosed is an odd one. If the Debtor believes that post-petition causes of action do not need to be disclosed, it is unclear why the Debtor filed his Motion to Reopen. He could just meet NVR's anticipated motion to dismiss his claims in the State court on the ground of judicial estoppel by arguing that he was never required to disclose the claims in the Bankruptcy Court. Clearly, the Debtor seeks to reopen the case to list the claims, and to assert that they (or a portion of them) are exempt.

7

In *Boyd*, Judge Waites held that the Debtor had no duty to disclose the existence of post-petition claims. 618 B.R., at __. This Court in *Ilyev* noted that the *Boyd* case involved a completely exempt asset, which was not the case in *Ilyev*, and may not be the case here. *See* Part B, *infra*. The Court sees no reason to revisit its holding in *Ilyev* requiring the disclosure of post-petition causes of action, and once again respectfully declines to adopt the *Boyd* decision.

The Debtor was required to disclose his claims against NVR.

B.  *Whether the Debtor's Employment-Related Causes of Action are Exempt.*

NVR argues that the Debtor is not proceeding in good faith because of the lack of disclosure, coupled with the Debtor's having sought relief from his Plan payments without disclosing that he was suing NVR. The Debtor argues, on the other hand, that he is proceeding in good faith because, at the end of the day, his claims against NVR are exempt, and the creditors in his bankruptcy case would have been no better off had the claims been scheduled and exempted. This may or may not be the case.

The issue of judicial estoppel arising from a failure to list causes of action in debtors' bankruptcy cases arises with some frequency. The courts' findings on good faith (or lack of it) often turns in part on whether the claims are exempt under applicable non-bankruptcy law. *Vanderheyden v. Peninsula Airport Comm.*, 2012 WL 6760107 (E.D. Va. 2012) (assuming that, in the debtor's Chapter 7 case, Title VII claims would be exempt, but holding that the debtor failed to list the claims and exempt them, thus giving rise to judicial estoppel); *Payne v. Wyeth Pharms., Inc.*, 606 F. Supp.2d 613, 616 (E.D. Va. 2008) ("[I]n deciding whether Plaintiff intentionally misled the Court by failing to amend his bankruptcy schedules, the Court examines Virginia's bankruptcy exemption for personal injury compensation to determine whether Plaintiff had a motive for concealment.")

8

The Court will assume for purposes of this Opinion that the Debtor's claims for emotional distress arising from his termination are in the nature of personal injury claims, and are therefore exempt under Va. Code § 34-28.1. See *In re Webb*, 214 B.R. 553 (E.D. Va. 1997) (holding that debtor's claims for "frequent headaches, acute anxiety attacks, ulcers and severe depression" arising from Title VII claims are exempt under Va. Code § 34-28.1). The Debtor's claims for lost wage and bonuses, on the other hand, may not be exempt.[5]

In Chapter 7, a debtor's post-petition earnings are not property of the bankruptcy estate. 11 U.S.C. § 541(a)(6) (excluding "earnings from services performed by an individual debtor after commencement of the case.") In Chapter 13, all of the Debtor's post-petition earnings are property of the bankruptcy estate. 11 U.S.C. § 1306(a)(2). Section 1306(a)(2) preempts the Virginia statute on wage exemptions. Va. Code § 34-29(a)(1) (providing that the maximum wages that may be subject to garnishment is 25% of disposable earnings). *See also* Va. Code § 34-29(d)(1) (defining the term "earnings" as including bonuses). The Court would not permit a Chapter 13 debtor to fill out Schedule I (Debtor's Monthly Income) and Official Form 122C-1 (the Means Test) by listing all of his or her monthly income but then taking an exemption for 75% of his or her post-petition monthly wages and bonuses under the exemption statute. Allowing such an exemption post-petition would be fundamentally inconsistent with the structure of Chapter 13. Where Congress intends to exclude monthly post-petition income from Chapter 13, it has expressly so provided. *See* 11 U.S.C. § 101(10A) (defining "current monthly income" to include "income from all sources," but specifically excluding Social Security income).

---

[5] In *Webb*, Judge Ellis noted that "no part of the debtor's settlement here is attributable to front or back pay." 214 B.R. 553, fn. 8. Additionally, Judge Ellise stated: "Also not present or resolved is the question whether punitive damages recovered on a personal injury claim is exempt from creditor process under § 34-28.1." *Id.* The Debtor in this case is maintaining a claim for punitive damages against NVR.

9

The Court need not decide whether the Debtor's claims against NVR are fully exempt, at this stage of the case. The Court is not in a position to assess what portion of the Debtor's claims might be attributable to exempt personal injury claims, and how much might be attributable to lost wages and bonuses post-petition. As noted above, the Court should avoid making definitive rulings on substantive issues on motions to reopen. Rather, the Court finds that there are legal arguments to support a potential finding that at least some portion of the Debtor's claims are not exempt. This factor favors a reopening of the case.[6]

### C.  Whether the Case Should be Reopened.

The Court turns to the substance of the matter: whether the case should be reopened. The Court begins with a few fundamental propositions of Chapter 13 bankruptcy law. First, the Debtor's causes of action are property of the bankruptcy estate (subject to any valid claim of exemptions) under Bankruptcy Code Section 1306(a)(1), which provides as follows:

> Property of the estate includes, in addition to the property specified in section 541 of this title—
>
> (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first[.]

11 U.S.C. § 1306(a).

Second, the Debtor has standing to maintain the causes of action in the State court. *Wilson v. Dollar General Corp.*, 717 F.3d 337, 343 (4th. Cir. 2013) ("[U]nlike a Chapter 7 debtor, a Chapter 13 debtor possesses standing—concurrent with that of the trustee—to maintain a non-bankruptcy cause of action on behalf of the estate.") And third, the Chapter 13 Trustee has standing to object to a claim of exemptions in an Amended Schedule C. 11 U.S.C. § 1302(b); Bankruptcy

---

[6] As noted in its Findings of Fact above, the Debtor elected not to appear and testify at the hearing on this Motion. The Court, therefore, is unable to make any findings of good faith on the part of the Debtor.

Rule 4003(b) ("[A] party in interest may file an objection to a claimed exemption . . . ."). In this case, the Trustee has announced his intention to object to a claim of exemption for the Debtor's causes of action against NVR.[7]

The Debtor's causes of action against NVR should have been disclosed. They are arguably not exempt, at least not to the full extent of the claims. The Court will reopen the case because the creditors, who received an approximately 3% distribution before the case was closed, are better served by a reopening. When the case is reopened, it is anticipated that the Debtor will list the claims on Schedules B and C, and the Trustee or any other party in interest can object. The Court will then be in a position to make a definitive ruling on the exemptions issue.

The Court finds that under Section 350(b) there is cause to reopen this case.[8]

## CONCLUSION

It is therefore **ORDERED**:

A. The Debtor's Motion to Reopen (Docket No. 144) is **GRANTED**, and the case is reopened.

B. The Clerk will mail copies of this Memorandum Opinion and Order, or will provide CM-ECF notice of its entry, to the parties below.

Date: Sep 8 2025

Alexandria, Virginia

/s/ Brian F Kenney

HONORABLE BRIAN F. KENNEY
CHIEF U.S. BANKRUPTCY JUDGE

Entered On Docket: Sep 10 2025

---

[7] The Trustee, and any other party in interest also possess the ability to move to revoke the Debtor's discharge under 11 U.S.C. § 1328(e), if the facts warrant it.

[8] The Court is not opining on whether, under non-bankruptcy law, judicial estoppel should prevent the Debtor from proceeding in State court, which is a matter for the State court to decide.

11

<u>Copies to:</u>

Emilio Martinez, Jr.
2551 James David Way
Alexandria, VA 22306
*Chapter 13 Debtor*

Robert Sergio Brandt
The Law Office of Robert S. Brandt
600 Cameron Street
Alexandria, VA 22314
*Counsel for Chapter 13 Debtor*

Thomas P. Gorman
1414 Prince St.
Ste. 202
Alexandria, VA 22314
*Chapter 13 Trustee*

Marcelo R. Michel
1414 Prince St.
Ste. 202
Alexandria, VA 22314
*Counsel for Chapter 13 Trustee*

Matthew W. Cheney
Office of the U.S. Trustee
1725 Duke Street
Suite 650
Alexandria, VA 22314
*U.S. Trustee*

Samantha L. Brooks
Seyfarth Shaw LLP
975 F. Street, NW
Washington, DC 20004
*Counsel for NVR, Inc.*

Bradley D. Jones
Stinson LLP
1775 Pennsylvania Ave., NW
Ste. 800
Washington, DC 20006
*Counsel for NVR, Inc.*