UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

EMILIO MARTINEZ, JR.,

        Debtor.

Case No. 20-10250-BFK
Chapter 13

### MEMORANDUM OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART TRUSTEE'S OBJECTIONS TO DEBTOR'S CLAIM OF EXEMPTIONS

This matter comes before the Court on the Trustee's Objections to the Debtor's Claim of Exemptions with respect to the Debtor's employment discrimination claims against his former employer, NVR, Inc. ("NVR"). Docket No. 163. The Debtor filed a Response, as did NVR. Docket Nos. 164, 165. The Court heard the parties' arguments on November 6, 2025. For the reasons stated below, the Court will sustain the Trustee's Objections as to the Debtor's exemption for lost salary and bonuses. The Court will overrule the Trustee's Objections as to the Debtor's exemption for emotional distress damages as a personal injury claim. With respect to the Debtor's claim for punitive damages, the Court holds that the punitive damages mirror the underlying claims: if punitive damages are awarded with respect to the Debtor's claims for lost salary and bonuses, the punitive damages will not be exempt; if punitive damages are awarded with respect to the Debtor's claim of emotional distress, then the punitive damages will be exempt.[1]

---

[1] Any settlement of the underlying claims must be approved by this Court under Bankruptcy Rule 9019. The Court will scrutinize carefully any proposed allocation of a settlement amount between salary and bonuses and emotional distress damages.

## FINDINGS OF FACT

The **Court FINDS** that the following facts are not in dispute.

A. *The Debtor Files for Bankruptcy.*

1. Emilio Martinez, Jr. ("the Debtor," or "Mr. Martinez"), filed a Voluntary Petition under Chapter 13 with this Court on January 27, 2020. Docket No. 1.

2. The Debtor was employed with NVR as a sales representative at the time he filed his Petition. Docket No. 1, p. 30 (Schedule I).

3. On July 27, 2020, the Court entered an Order Confirming the Debtor's Chapter 13 Plan. Docket No. 24.

4. In January 2022, NVR terminated Mr. Martinez's employment.

5. On October 26, 2022, while the Debtor's bankruptcy case was pending, the Debtor filed a Charge of Discrimination with the EEOC against NVR. Docket No. 149, Ex. A.

6. On July 6, 2023, the Debtor filed a Complaint against NVR in the Circuit Court of Fairfax County, alleging: (a) Discrimination Under the Virginia Human Rights Act (Count I); (b) Breach of Contract (Count II); and (c) Unjust Enrichment (Count III). *Id.* at Ex. B. The Debtor sought $750,000.00 in damages, plus $350,000.00 in punitive damages, attorney's fees, and costs. *Id.*

B. *The Case is Closed.*

7. On March 23, 2025, the Trustee filed a Notice of Completion of Plan Payments. Docket No. 138.

8. On April 29, 2025, the Trustee filed a Final Report and Account. Docket No. 142.

9. The Debtor received a Chapter 13 discharge, and the case was closed. Docket Nos. 140, 143.

10. The Debtor did not amend his Schedules to disclose his employment discrimination claims against NVR, nor to claim an exemption in the same, at any time before the case was closed.

C. *The Motion to Reopen.*

11. On July 24, 2025, the Debtor filed a Motion to Reopen his bankruptcy case. Docket No. 144.

12. On September 8 and 10, 2025, the Court granted the Debtor's Motion to Reopen. Docket Nos. 159, 160 (redocketed for administrative purposes).[2]

13. On September 24, 2025, the Debtor filed Amended Schedules B and C, listing his employment discrimination claims against NVR, and seeking to exempt the same in full. Docket No. 162.

14. The Trustee filed Objections to the Debtor's claim of exemptions in the employment discrimination claims. Docket No. 163.

15. NVR joined in the Trustee's Objections. Docket No. 164.

16. The Debtor filed a Response to the Trustee's Objections. Docket No. 165.

17. All of the salary and bonuses that the Debtor claims as damages would be post-petition earnings. That is, none of the earnings claimed by the Debtor were earned pre-petition.

## CONCLUSIONS OF LAW

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) (matters concerning the administration of the estate), and (B) (allowance or disallowance of exemptions from property of the estate).

---

[2] The Court noted in its Opinion and Order reopening the case that any argument of judicial estoppel arising from the Debtor's failure to amend his Schedules to list his claims against NVR is a matter for the State court to decide.

The Debtor's claims against NVR are property of the bankruptcy estate under Sections 1306(a)(1) and (2) of the Code. *See Caroll v. Logan*, 735 F.3d 147 (4th Cir. 2013). The *Carroll* case involved a post-petition inheritance. The Fourth Circuit held that Section 1306's inclusion of post-petition property within the bankruptcy estate was not limited by Section 541(a)(5)'s 180-day time frame. In this case, the Debtor's claims against NVR for lost salary and bonuses constitute "earnings from services" under Bankruptcy Code Section 1306(a)(2). The remaining claims are property of the estate under Section 1306(a)(1). The question to be addressed is whether the particular claims are exempt.[3]

Exemptions, defining the kinds and amounts of property that debtors are allowed to retain and shield from their creditors in bankruptcy cases, are a supremely important tool for the debtor's fresh start. The Bankruptcy Code provides for federal exemptions, but it also allows States to opt out and to enact their own laws on exemptions. 11 U.S.C. § 522(a)(3)(A).[4] Virginia is an opt-out State. Va. Code Ann. § 34-3.1. The parties agree that Virginia law defines the Debtor's exemptions in this case.[5]

The party objecting to a debtor's claim of exemptions has the burden of proving that the exemption was not properly claimed. Bankruptcy Rule 4004(c). This burden must be established by a preponderance of the evidence. *In re Sheeran*, 369 B.R. 910, 918 (Bankr. E.D. Va. 2007). Exemption statutes are to be liberally construed in favor of the debtor, to enable the debtor to

---

[3] The Court held in its Memorandum Opinion granting the Debtor's Motion to Reopen that post-petition causes of action are property of the bankruptcy estate and must be disclosed. *In re Martinez*, 2025 WL 2618116 (Bankr. E.D. Va. 20205), citing *In re Ilyev*, 2022 WL 2965029 (Bankr. E. D. Va. 2022).

[4] The law of exemptions can be traced back to the Bankruptcy Act of 1800, which was modeled on British law. *See A Fresh Start to Bankruptcy Exemptions*, 2018 BYU L. Rev. 335 (2018), https://digitalcommons.law.byu.edu/cgi/viewcontent.cgi?article=3159&context=lawreview. The opt-out scheme has been criticized as being inconsistent with the goal of a uniform national bankruptcy system. *Id.*

[5] The Debtor resided in Virginia for more than 730 days preceding the filing of his bankruptcy case. *See* 11 U.S.C. § 522(b)(1).

4

achieve his or her fresh start. *Mayer v. Nguyen (In re Nguyen),* 211 F.3d 105, 110 (4th Cir. 2000); *Shirkey v. Leake*, 715 F.2d 859, 862 (4th Cir. 1983).

The Court will examine each of the Debtor's claims of exemption, below.

A. *The Debtor's Salary and Bonuses.*

The first issue is whether the Debtor's claims for lost salary and bonuses are exempt. Virginia Code § 34-29 provides an exemption for 75% of wages and other earnings, subject to certain exceptions. The term statute defines "earnings" as:

> compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, payments to an independent contractor, or otherwise, whether paid directly to the individual or deposited with another entity or person on behalf of and traceable to the individual, and includes periodic payments pursuant to a pension or retirement program[.]

Va. Code Ann. § 34-29(d)(1).

In Chapter 13, post-petition earnings are property of the bankruptcy estate. 11 U.S.C. § 1306(a)(2).[6] Section 101(10A)(A) defines "current monthly income" as "the average monthly income from all sources that the debtor receives." Subsection (B)(ii) of Section 101(10A) provides for certain exceptions to current monthly income, including benefits received under the Social Security Act. *See Mort Ranta v. Gorman*, 721 F.3d 241 (4th Cir. 2013). The structure of Chapter 13 is such that it preempts the Virginia exemption for wages, salaries and bonuses earned by the debtor post-petition. The Court would not, for example, allow Chapter 13 Debtors to use only 25% of their post-petition earnings as the starting point for their means test calculations (Form B122C-1), or for their Schedule I income (Form B106I). In terms of complete preemption, the Bankruptcy Code provisions cited above, Sections 1306(a)(2) and 101(10A)(A), display a clear congressional intent to "entirely displace" state law on exemptions for post-petition earnings in Chapter 13, and

---

[6] Post-petition earnings are not considered property of the bankruptcy estate in Chapter 7 cases. 11 U.S.C. § 541(a)(6).

5

evidence an "overwhelming national interest" for the administration of the bankruptcy system under Chapter 13. *Skidmore v. Norfolk Southern Railway Co.,* 1 F.4th 206, 212 (4th Cir. 2021).

In *In re Foster*, 556 B.R. 233 (Bankr. E.D. Va. 2016), Judge Phillips of this Court allowed an exemption for 75% of amounts earned pre-petition but unpaid as of the date of the bankruptcy filing. Judge Phillips held that these earnings were sufficiently rooted in the debtor's pre-petition past, citing *Andrews v. Riggs Nat'l Bank (In re Andrews),* 80 F.3d 906, 910 (4th Cir. 1996). In this case, none of the Debtor's claims arose prepetition. All of the earnings claimed by the Debtor in his lawsuit against NVR arose post-petition.

The Debtor analogizes this case to this Court's Opinion in *In re Raza*, 2022 WL 2348789 (21-12075-KHK). *Raza* was a Chapter 7 case. The *Raza* Opinion involved the Debtor's claim of exemption in EIDL funds, which were deposited into a business account, and shortly thereafter into the Debtor's personal bank account, before he filed for bankruptcy. The undersigned allowed the exemption, noting that the business was not profitable, so the deposit into the Debtor's bank account was more in the nature of compensation than a distribution of profits. *Id.* This case involves post-petition earnings in a Chapter 13 case, which as the Court finds above, are income within the meaning of current monthly income "from all sources" under Bankruptcy Code Section 101(10A)(A).

The Court, therefore, sustains the Trustee's Objections with respect to the Debtors' claim for lost salary and bonuses.

B. *The Emotional Distress Damages.*

The Debtor also maintains that NVR is liable to him for emotional distress. He claims that his emotional distress damages are exempt under Virginia's personal injury exemption statute. Va Code Ann. § 34-29. The Court agrees.[7]

In *King v. Webb (In re Webb),* 214 B.R. 553 (E.D. Va. 1997), District Judge Ellis held that the debtor's claims for "frequent headaches, acute anxiety attacks, ulcers and severe depression" arising from Title VII claims were exempt under Va. Code Ann. § 34-28.1. Similarly, in *In re Walters*, 339 B.R. 607 (Bankr. W.D. Va. 2006), the bankruptcy court for the Western District, following *Webb*, held that claims for libel were exempt, despite the lack of any physical injury. Additionally, in *In re Brown*, 2025 WL 2180200 (Bankr. W.D. Va. 2025), Bankruptcy Judge Black recently held that claims for defamation, malicious prosecution, and unlawful dissemination of personally identifying information were claims for "personal injury" within the meaning of Bankruptcy Code Section 1328(a)(4)'s exception to discharge for restitution or damages awarded as a result of willful and malicious injury "that caused personal injury." Judge Black held:

> the term "personal injury" should be given its plain meaning. The definition of "personal injury" in Black's Law Dictionary includes the following: "[a]ny invasion of a personal right, including mental suffering and false imprisonment. — Also termed private injury." Black's Law Dictionary, 12th ed. (2024).

*Id*., at 11. *See also In re Reyna*, 657 B.R. 845 (Bankr. E.D. Va. 2024) (individual's claim for defamation "falls firmly within the category of a personal injury tort under Virginia law.")

The Court agrees with the foregoing decisions. Va. Code Ann. § 34-28.1 uses the phrase "personal injury or wrongful death and the proceeds derived from court award or settlement." It does not use the phrases "physical injury" or "bodily harm." Emotional harm is an injury to the

---

[7] In fairness, the Trustee dd not press this objection at the hearing on this matter, and left it to the discretion of the Court.

7

person in the ordinary sense of the words being used. In Bankruptcy Judge Mitchell's opinion in the *Webb* case, later affirmed by Judge Ellis, Judge Mitchell looked to Black's Law Dictionary, which defined the term "personal injury" to include "any injury which is an invasion of personal rights." *In re Webb*, 210 B.R. 266 (Bankr. E.D. Va. 1997), *aff'd* 214 B.R. 553 (E.D. Va. 1997). The Court agrees that the term "personal injury" in Va. Code Ann. § 34-28.1 should be broadly construed to include non-physical injuries to the person, including emotional distress damages.[8]

The Court, therefore, will overrule the Trustee's Objections to the Debtor's claim of exemption as to emotional distress damages.

C.  *Punitive Damages.*

Finally, the Debtor seeks to exempt his claim for punitive damages against NVR. This appears to be a novel issue under Virginia law. The Trustee argues that the claim for punitive damages should follow the underlying nature of the Debtor's claims; that is, if punitive damages are awarded for the post-petition loss of income then the punitive damages would not be exempt, but if they are awarded for emotional distress then they may be exempt. The Court agrees with that position.

In *Cohen v. De La Cruz*, 523 U.S. 213 (1998), the Supreme Court held, that for purposes of non-dischargeability under 11 U.S.C. § 523(a)(2)(A) (debts obtained by false pretenses, a false representation or actual fraud), treble damages awarded under a consumer protection statute were within the meaning of "any debt" in the statute, and therefore were equally non-dischargeable. The Court finds this to be a useful analogy for the issue at hand. In fact, the case for exempting punitive

---

[8] By contrast, the federal exemption uses the phrase "a payment not to exceed $27,900 on account of personal bodily injury not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent." 11 U.S.C. § 522(d)(11)(D). *See In re Flattery*, 444 B.R. 501 (Bankr. D. Mass. 2011) (deferring a decision on whether the debtor's emotional distress damages are exempt under the federal "bodily injury" exemption, noting that "part of the answer will lie in the specific facts pled in the underlying tort suit and the relationship between the emotional distress tort claim and the personal bodily injury at issue.")

damages under Va. Code Ann. § 34-28.1 may be a stronger one. The Virginia statute uses the language "all causes of action for personal injury or wrongful death *and the proceeds derived* from court award or settlement." (Emphasis added). Any award of punitive damages in this case related to the emotional distress claim could be "proceeds derived" from the alleged emotional distress suffered by the Debtor, and therefore, would be exempt as the proceeds of that claim.

The punitive damages portion of the claim, if any, will be exempt to the extent that it is attributable to the emotional distress personal injury claim. Conversely, any punitive damages tied to the lost salary and bonuses part of the claim will not be exempt. The Court recognizes that this may present some difficulties to the extent that damages may be awarded in the State court, and the award might not specify the portion of the claim to which the punitive damages may be attributable. This Court will review any settlement, or any award, to determine on a final basis whether any punitive damages are exempt or not.

The Court, therefore, will sustain the Trustee's Objections on the punitive damages.

## CONCLUSION

It is therefore **ORDERED**:

1. The Trustee's Objection to the Debtor's claim of exemptions for salary and bonuses earned post-petition is **SUSTAINED**.

2. The Trustee's Objection to the Debtor's claim of exemption for emotional distress damages is **OVERRULED**.

3. The Trustee's Objection to the Debtor's claim of exemptions for punitive damages is **SUSTAINED** as described above.

4. The Clerk will mail copies of this Order, or will provide CM-ECF notice of its entry, to the parties below.

9

Date: Nov 21 2025

Alexandria, Virginia

/s/ Brian F Kenney

HONORABLE BRIAN F. KENNEY
CHIEF U.S. BANKRUPTCY JUDGE

Entered On Docket: Nov 21 2025

<u>Copies to</u>:

Bradley D. Jones
STINSON LLP
1775 Pennsylvania Avenue NW,
Suite 800
Washington, DC 20006-4605
*Counsel for NVR, Inc.*

Emilio Martinez, Jr.
2551 James David Way
Alexandria, VA 22306
*Chapter 13 Debtor*

Robert Sergio Brandt
The Law Office of Robert S. Brandt
600 Cameron Street
Alexandria, VA 22314
*Counsel for Chapter 13 Debtor*

Thomas P. Gorman
1414 Prince St.
Ste. 202
Alexandria, VA 22314
*Chapter 13 Trustee*

Matthew W. Cheney
1725 Duke Street
Suite 650
Alexandria, VA 22314
*U.S. Trustee*